IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

REBECCA L. DESCAR                                                                    PLAINTIFF

v.                                    CIVIL NO. 21-cv-3006

KILOLO KIJAKAZI,[1] Acting Commissioner                                    DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Rebecca Descar, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff filed her application for DIB on March 27, 2019. (Tr. 12). In her application, Plaintiff alleged disability beginning on September 1, 2017, due to: left shoulder strain and glenohumeral joint osteoarthritis; right shoulder osteoarthritis; bilateral knee patellar subluxation;; lumbar strain with L3-4 degeneration; left sciatic radiculopathy with associated lumbar strain; radiculopathy of bilateral lower extremities (femoral nerve); bilaterall patellar femoral pain

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

syndrome. (Tr. 12, 225). An administrative hearing was held on July 6, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 49–84). A vocational expert ("VE") also testified. *Id*.

On September 29, 2020, the ALJ issued an unfavorable decision. (Tr. 9–35). The ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments: left shoulder severe osteoarthritis with total replacement, cervical spine mild to severe stenosis and degenerative disc disease, carpal tunnel in the bilateral hands (but without EMG/NCS), bilateral trigger fingers, fibromyalgia, chronic pain, vertigo, plantar fasciitis, and migraine. (Tr. 14–17). The ALJ found Plaintiff had nonsevere impairments of mild osteoarthritis in the right shoulder with spurring, mild degenerative disc disease in the thoracic spine, mild degenerative joint disease in the left hip, very mild arthritis in the right knee, minor degenerative joint disease in the right and left elbows, lumbar spine lumbago, GERD, mild brain white matter lesions (initially considered for MS but later ruled out), depression, anxiety, personality disorder, and PTSD. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR §404.1567(b) except she can frequently climb ramps and stairs, stoop, kneel, and crouch; occasionally crawl; occasionally bilateral overhead reach; must avoid exposure to extreme cold due to osteoarthritis; must avoid exposure to extreme humidity; must avoid concentrated exposure to dust, fumes, or other pulmonary irritants due to migraines; and must avoid hazards such as climbing ladders/ropes/scaffolds, moving mechanical parts, unprotected heights, deep water, and open flames.
> (Tr. 17–27).

With the help of a VE, the ALJ found Plaintiff would be able to perform her past relevant work as a Facilities Planner and as an Executive Support Officer and alternatively could perform the representative occupations of Public Attendant, Officer Helper, or Furniture Retail Clerk. (Tr.

27–28). The ALJ found Plaintiff was not disabled from September 1, 2017, through September 29, 2020, the date of this decision. (Tr. 29).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 17).

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

Plaintiff raises the following issue on appeal: whether the ALJ's finding that Plaintiff could perform two of her past occupations was error as there was an apparent conflict between the RFC restriction to only occasional bilateral overhad reaching and the requirements of these occupations which included frequent overhead reaching. (ECF No. 16). Defendant argues this was not error, as the potential conflict was resolved through the ALJ's questions to the VE which confirmed that reaching was described generally in the DOT and that overhead reaching was not a requirement or

physical demand of these positions. (ECF No. 17, pp. 2–4). Defendant also argues that even if this was error, it would not require remand, as the ALJ made the alternative finding that Plaintiff could pefrom other work as a public attendant, officer helper, or furniture retail clerk. (ECF No. 17, p. 2). The Court has reviewed the entire transcript and the parties' briefs, and agrees with the Commissioner's assertion that the ALJ properly resolved any potential conflict through the VE testimony. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 22nd day of February 2022.

    /s/ *Christy Comstock*
    HON. CHRISTY COMSTOCK
    UNITED STATES MAGISTRATE JUDGE